NOURSE & BOWLES, LLP
Attorneys for Defendant
SAMSUN LOGIX HELLAS LTD.
One Exchange Plaza
At 55 Broadway
New York, NY  10006-3030
(212) 952-6200


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ARMADA PACIFIC BULK CARRIERS        :
(SINGAPORE) PTE LTD.,               :
      Plaintiff,            :
                :  07 Civ. 7807 (SAS)
     - against -            :
                :  EFC CASE
SAMSUN LOGIX HELLAS LTD.,           :
                :  **ANSWER AND COUNTERCLAIM**
      Defendant.            :
------------------------------------------------------------------X

    Defendant, Samsun Logix Hellas Ltd. ("Defendant") through its attorneys, Nourse & Bowles, LLP, as and for its Answer to the Complaint and Counterclaim alleges on information and belief as follows:

### AS AND FOR DEFENDANT'S ANSWER

    1.  Defendant admits that this case is within the Court's admiralty and maritime jurisdiction.

    2.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Amended Verified Complaint.

3. Defendant admits it is a corporation organized and existing under the laws of the Marshall Islands with an office and place of business in Piraeus, Greece.

4. Defendant admits that it entered into a Charter Party, whereby it chartered the vessel ADDU SHAN on or about July 13, 2007 from Plaintiff ("the Charter Party").

5. Defendant admits that disputes arose between the parties.

Except as so admitted, Defendant denies the allegations contained in paragraph 5 of the Amended Verified Complaint.

6. Defendant admits the allegations contained in paragraph 6 of the Amended Verified Complaint.

7. Defendant denies the allegations contained in paragraph 7 of the Amended Verified Complaint.

8. Defendant denies the allegations contained in paragraph 8 of the Amended Verified Complaint.

9. Defendant denies the allegations contained in paragraph 9 of the Amended Verified Complaint.

10. Defendant denies the allegations contained in paragraph 10 of the Amended Verified Complaint.

11. Defendant admits the allegations contained in paragraph 11 of the Amended Verified Complaint.

12.    Defendant denies the allegations contained in paragraph 12 of the Amended Verified Complaint.

13.    Defendant admits the allegations contained in paragraph 13 of the Amended Verified Complaint.

14.    Defendant admits that interest, costs and attorneys' fees are generally awarded to the prevailing party in proceedings subject to English law.

Except as so admitted, Defendant denies the allegations contained in paragraph 14 of the Amended Verified Complaint and denies that Plaintiff is entitled to recover any of the damages alleged in paragraph 14 of the Amended Verified Complaint.

15.    Defendant admits that it has Electronic Funds Transfer at intermediary banks within the District and that Plaintiff has attached those transfers in this case under Rule B of The Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

Except as so admitted, Defendant denies the allegations contained in paragraph 15 of the Amended Verified Complaint.

16.    Defendant admits that Plaintiff has sought a Court Order which Order speaks for itself.

17.    Defendant pleads each and every provision in the governing Charter Party as a defense to, exoneration from and/or limitation of liability.

18. Plaintiff's claim(s) is/are subject to arbitration and English law and Defendant specifically reserves its right to arbitration and has no liability to Plaintiff for the claims set out herein.

## AS AND FOR DEFENDANT'S COUNTERCLAIM

19. Defendant's Counterclaim arises under the aforesaid Charter Party between it and Plaintiff and is an admiralty and maritime claim within this Court's admiralty and maritime jurisdiction and within Rule 9(h) of the Federal Rules of Civil Procedure.

20. Defendant repeats and realleges paragraphs 1-4 above as if set forth herein at length.

21. During the course of the Charter Party, disputes arose between the parties regarding Plaintiff's failure to pay various sums due to Defendant which sums total $70,786.15. The Pre-Final Hire Statement is attached hereto as Exhibit "1" which shows that the "Balance Due to Owners" (who are Plaintiff) is a *negative* credit balance of $70,786.15.

22. Despite due demand Plaintiff has failed to remit the sum to Defendant.

23. Defendant's claim is subject to arbitration in London where legal and arbitral costs are routinely awarded. Defendant reasonably estimates such costs will, respectively, amount to $55,000 and $20,000 to defend Plaintiff's wrongful claims and to pursue recovery of Defendant's Counterclaim. The amounts are, in fact, the same amounts sought by Plaintiff in paragraph 14 of its Amended Verified Complaint.

24. Interest is also routinely awarded in arbitration in London and Defendant claims interest on its Counterclaim at 7% per annum for three years, the same basis as claimed by Plaintiff in paragraph 14 of its Amended Verified Complaint, in the further amount of $33,740.68.

25. Defendant's total claim against Plaintiff is $179,526.83.

26. Plaintiff sought an Order for Process of Maritime Attachment and Garnishment of Defendant's property in the amount of $284,168.82. This Court issued an Order that the Clerk of the Court shall issue Process of Maritime Attachment and Garnishment of Defendant's property but only in the amount of $251,784.43.

27. Defendant's property has been attached by Plaintiff in the amount of $251,784.43 in this case and Defendant's Counterclaim arises out of the same transaction as Plaintiff's claim. Defendant is therefore entitled under Rule E(7) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure to counter security for its Counterclaim, including interest and costs, in the total amount of $179,526.83.

28. Despite due demand Plaintiff has failed and/or refused to post counter security in favor of Defendant in the amount of $179,526.83 and Defendant is therefore entitled to counter security under Rule E (7) of The Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant prays:

29. That Plaintiff's Amended Verified Complaint be dismissed with costs and its attachment of Defendant's assets vacated;

30. That Defendant have counter security for its Counterclaim in the amount of $179,526.83 failing which Plaintiff's (a) attachment of Defendant's property be vacated or (b) its arbitration of its claims against Defendant in London be stayed.

31. That when appropriate the matter be stayed pending arbitration; and

32. The Defendant have such other and further relief as may be just and equitable.

Dated: New York, New York
October 25, 2007

                                    NOURSE & BOWLES, LLP
                                    Attorneys for Defendant

                                    By: _____
                                    John P. Vayda (JV-0339)
                                    One Exchange Plaza
                                    At 55 Broadway
                                    New York, NY  10006-3030
                                    (212) 952-6200

TO: LENNON, MURPHY,
    & LENNON, LLC.
    Attorneys for Plaintiff
    Nancy R. Peterson (NP 2871)
    Patrick F. Lennon (2162)
    420 Lexington Avenue, Suite 300
    New York, NY  10170
    (212) 490-6050

# Exhibit 1

*Exhibit 1*



**Samsun Logix Hellas Ltd.**
7TH Floor, 25 Akti Miaouli 185 35 Piraeus, Greece
Tel.30-210-4225596 Fax.30-210-4225003

## PRE-FINAL HIRE
## MV ADDU SHAN

| | | | | | |
|---|---|---|---|---|---|
| MESSERS. | ARMADA PACIFIC BULK CARRIERS (SINGAPORE) PTE LTD | | | | 10/09/2007 |
| C/O. | GRAND PACIFIC | | | | |
| CHRTRS | SAMSUN LOGIX HELLAS LIMITED | | | | |
| C/P DATE | 13/07/2007 | | | | |
| DELIVERY | | 22/07/2007 | 05:36 GMT | | |
| BUNKER ON DEL | IFO | 397.420 MT | CP PRICE IFO | $360.00 | |
| | MDO | 98.340 MT | MDO | $600.00 | |
| TO | | 07/09/2007 | 10:15 GMT | | |
| BUNKER ON RED | IFO | 633.689 MT | CP PRICE IFO | $360.00 | |
| | MDO | 96.656 MT | MDO | $600.00 | |
| CHARTERED DURATION | | 47.193750 DAYS | | | |
| HIRE | | 30,000 DIOT | | | |

| | PARTICULARS | | | DEBIT | CREDIT |
|---|---|---|---|---|---|
| 1 | HIRE | | | | |
| | 47.193750 DAYS | X | $30,000.00 | $1,415,812.50 | |
| 2 | ADDCOMM | | | | |
| | $1,415,812.50 | X | 3.75% | | $53,092.97 |
| 3 | BROKERAGE COMM. TO GRAND PACIFIC | | | | |
| | $1,415,812.50 | X | 1.25% | | $17,697.66 |
| 4 | A) OFF-HIRE DUE TO HOLD INSPECTION FAILURE | | | | |
| | FM 1030LT 29TH JUL TO 1830LT 2ND AUG 2007 | | | | |
| | 4.333333 DAYS | X | $30,000.00 | | $129,999.99 |
| | ADDCOMM | | | | |
| | $129,999.99 | X | 3.75% | $4,875.00 | |
| | BROKERAGE COMM. TO GRAND PACIFIC | | | | |
| | $129,999.99 | X | 1.25% | $1,625.00 | |
| | CONSUMED BUNKER DURING OFF HIRE | | | | |
| | IFO 6.500 MT | X | $360.00 | | $2,340.00 |
| | MDO 0.867 MT | X | $600.00 | | $520.00 |
| | B) OFF-HIRE DUE TO GMDSS REPAIR | | | | |
| | 3.458333 DAYS | X | $30,000.00 | | $103,749.99 |
| | ADDCOMM | | | | |
| | $103,749.99 | X | 3.75% | $3,890.62 | |
| | BROKERAGE COMM. TO GRAND PACIFIC | | | | |
| | $103,749.99 | X | 1.25% | $1,296.87 | |
| | CONSUMED BUNKER DURING OFF HIRE | | | | |
| | IFO 7.830 MT | X | $360.00 | | $2,818.80 |
| | MDO 1.040 MT | X | $600.00 | | $624.00 |

|   |   |   |   |   |   |   |
|---|---|---|---|---|---|---|
|   | C) OFF-HIRE DUE TO M/E TROUBLE FM 1700LT TO 2300LT 15TH AUG | | | | | |
|   |   | 0.250000 DAYS | X | $30,000.00 |   | $7,500.00 |
|   | ADDCOMM | | | | | |
|   |   | $7,500.00 | X | 3.75% | $281.25 |   |
|   | BROKERAGE COMM. TO GRAND PACIFIC | | | | | |
|   |   | $7,500.00 | X | 1.25% | $93.75 |   |
|   | CONSUMED BUNKER DURING OFF HIRE | | | | | |
|   | IFO | 0.410 MT | X | $360.00 |   | $147.60 |
|   | MDO | 0.300 MT | X | $600.00 |   | $180.00 |
|   | D) OFF-HIRE DUE TO M/E TROUBLE FM 0700LT TO 1800LT 18TH AUG | | | | | |
|   |   | 0.458333 DAYS | X | $30,000.00 |   | $13,749.99 |
|   | ADDCOMM | | | | | |
|   |   | $13,749.99 | X | 3.75% | $515.62 |   |
|   | BROKERAGE COMM. TO GRAND PACIFIC | | | | | |
|   |   | $13,749.99 | X | 1.25% | $171.87 |   |
|   | CONSUMED BUNKER DURING OFF HIRE | | | | | |
|   | IFO | 0.970 MT | X | $360.00 |   | $349.20 |
|   | MDO | 0.300 MT | X | $600.00 |   | $180.00 |
|   | E) DAMAGE FOR DETENTION AT VIZAG FM 0836LT 22ND TO 0806LT 23RD AUG | | | | | |
|   |   | 0.979167 DAYS | X | $30,000.00 |   | $29,375.01 |
|   | ADDCOMM | | | | | |
|   |   | $29,375.01 | X | 3.75% | $1,101.56 |   |
|   | BROKERAGE COMM. TO GRAND PACIFIC | | | | | |
|   |   | $29,375.01 | X | 1.25% | $367.19 |   |
|   | CONSUMED BUNKERS DURING THE DETENTION | | | | | |
|   | IFO | 1.469 MT | X | $360.00 |   | $528.75 |
|   | MDO | 0.196 MT | X | $600.00 |   | $117.50 |
| 5 | UNDERPERFORMANCE CLAIM (MERAK VIA KWINANA TO VIZAG) | | | | | |
|   |   | 2.352083 DAYS | X | $30,000.00 |   | $70,562.49 |
|   | ADDCOMM | | | | | |
|   |   | $70,562.49 | X | 3.75% | $2,646.09 |   |
|   | BROKERAGE COMM. TO GRAND PACIFIC | | | | | |
|   |   | $70,562.49 | X | 1.25% | $882.03 |   |
| 6 | B.O.D | | | | | |
|   | IFO | 397.420 MT | X | $360.00 | $143,071.20 |   |
|   | MDO | 98.340 MT | X | $600.00 | $59,004.00 |   |
| 7 | B.O.R | | | | | |
|   | IFO | 633.689 MT | X | $360.00 |   | $228,128.04 |
|   | MDO | 96.656 MT | X | $600.00 |   | $57,993.60 |

| 8 | COM/VIC/EN 35.362501 DAYS X $1,200.00 | | $1,414.50 | |
|---|---|---|---|---|
| 9 | I.L..O.H.C | | $3,500.00 | |
| 10 | CHRTS HIRE PAYMENT<br>1ST HIRE (25TH JUL 07)<br>2ND HIRE (10TH AUG 07)<br>3RD HIRE (21ST AUG 07)<br>4TH HIRE (22ND AUG 07)<br>5TH HIRE (31ST AUG 07) | | | $630,175.20<br>$199,423.04<br>$35,960.67<br>$118,625.00<br>$7,495.70 |
| | SUB TOTAL | | $1,640,549.05 | $1,711,335.20 |
| | BALANCE DUE TO OWNERS | | | ($70,786.15) |
| | GRAND TOTAL | | $1,640,549.05 | $1,640,549.05 |