USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/31/07

## NOURSE & BOWLES, LLP

One Exchange Plaza
at 55 Broadway
New York, NY 10006-3030
Telephone: (212) 952-6200
**Direct Dial: (212) 952-6202**
**E-mail: jvayda@nb-ny.com**
Facsimile: (212) 952-0345
E-Mail: reception@nb-ny.com
Web site: www.nb-ny.com

Nourse & Bowles, LLP
115 Mason Street
Greenwich, Connecticut

Nourse & Bowles
75 Main Street, Suite 205
Millburn, New Jersey

October 30, 2007

RECEIVED
CHAMBERS OF

OCT 30 2007

JUDGE SCHEINDLIN

VIA FACSIMILE: (212) 805-7920

Honorable Shira A. Scheindlin
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re: **ARMADA PACIFIC BULK CARRIERS
(SINGAPORE) PTE LTD. v.
SAMSUN LOGIX HELLAS LTD.
07 Civ. 7807 (SAS)**

Dear Judge Scheindlin:

We represent the Defendant, Samsun Logix Hellas Ltd. ("Defendant") in the referenced action. We write the Court to request a pre-motion conference to address an issue over the posting of counter-security in favor of Defendant which the parties have been unable to resolve without judicial intervention or motion practice.

### The Dispute

This action arises out of a dispute over payment of vessel hire due under a charter party between Plaintiff Armada Pacific Bulk Carriers ("Armada") and Defendant. The complaint filed by Armada sought *ex parte* Rule B relief and has resulted in an attachment of $251,784 43 in assets belonging to Defendant Samsun. Armada's claim includes a principal claim in the amount of $169,857.19, estimated attorneys' fees of $55,000, arbitrators' fees and costs of $20,000, and estimated interest in the amount of $39,311.63 calculated at 7% per annum for 3 years.

Defendant filed an Answer and Counterclaim, which arises out of the same transaction, and which seeks counter-security pursuant to Rule E (7)(a) in the amount of $179,326.83, representing a principal claim of $70,786.15, estimated attorneys' fees of $55,000 and arbitrators' costs of $20,000, and estimated interest of $33,704.68. Defendant's calculations of interest, attorneys' fees and costs are made on the same bases as those used by Plaintiff in its

Honorable Shira A. Scheindlin
October 30, 2007
Page 2

Complaint. Plaintiff's calculation of its principal claim is supported by the hire statement annexed as Exhibit 1.

Prior to this application, Defendant requested that Plaintiff post the counter security required by Rule E (7)(a) in the amount of $179,526.83. Plaintiff has failed and/or refused to do so, necessitating this application.

### Defendant's Entitlement to Counter-Security

Rule E(7)(a) of the Supplemental Rules for Admiralty and Maritime Claims ("Supplemental Rules") provides:

> (a) When a person who has given security for damages in the original action asserts a counterclaim that arises from the transaction or occurrence that is the subject of the original action, a plaintiff for whose benefit the security has been given *must give security for damages demanded in the counterclaim unless the court for cause shown, directs otherwise.* Proceedings on the original claim must be stayed until this security is given unless the court directs otherwise. (Emphasis added)

In this case, the requirements for counter-security are present: (1) Defendant has given security to Plaintiff; (2) the Counterclaim arises from the same transaction as Plaintiff's original claim; and (3) there is no reason why the Court should not order counter-security in the amount requested in this case. See gen., Result Shipping v. Ferruzzi Trading, 56 F.3d 394, 399 (2d Cir. 1995); Dongbu Express Co., Ltd. v. Navios Corporation, 944 F. Supp. 235 (S.D.N.Y. 1996) (SAS).

In Dongbu Express, this Court granted a similar request for counter security noting that when the requirements of Rule E(7)(a) have been met, the court should exercise its discretion to award counter security:

> [t]he Second Circuit has held that the following countervailing principles should guide the court in exercising its discretion:
>
> (1) "[placing the parties on an equality as regards security," *Titan Navigation, Inc. v. Timsco, Inc.*, 808 F.2d 400, 403 (5th Cir. 1987) (quoting *Washington Southern* [**13] *Navigation Co. v. Baltimore & Philadelphia Steamboat Co.*, *263 U.S. 629, 638-39, 68 L. Ed. 480, 44 S. Ct. 220 (1924))*; and (2) avoiding the imposition of burdensome costs on a plaintiff that might prevent it from bringing suit. *Result Shipping v. Ferruzzi Trading, 56 F.3d 394, 399 (2d Cir. 1995).*

Dongbu, supra at 239.

Honorable Shira A. Scheindlin
October 30, 2007
Page 3

The application of these principles suggests that counter security should be granted to Defendant Samsun as Plaintiff Armada "is already fully secured for its… claims and [Defendant] is entitled to be placed on an equal footing.  Furthermore, [Plaintiff] has not asserted that granting such security would be so burdensome as to prevent [Plaintiff] from bringing suit." Dongbu at 236.  Granting counter security to Defendant Samsun in the amount of $179,526.83 is consistent with Rule E(7)(a) and equity.

In addition, Rule E(7)(a) also authorizes this Court to grant additional relief to Samsun if counter security is not posted, including vacatur of the attachment of Defendant's property, Finecom Shipping Ltd. v. Multi Trade Enterprises AG, 2005 AMC 2952 (S.D.N.Y. 2005) (m.o.r.) (0056695) (GEL), or a stay of the London arbitration until the counter security is posted in favor of Defendant. Daeshin Shipping Co., Ltd. v. Meridian Bulk Carriers, Ltd., 2005 U.S Dist. LEXIS 22409) (S.D.N.Y. 2005) (0507173) (NRB).  Samsun requests that any order issued contain this relief to preserve the core purpose of Rule E (7) (a) and to ensure the "equal footing" of the parties.

In closing, Defendant Samsun respectfully submits its request for counter security is well supported by the facts of the matter, and the relevant, well settled, decisional law.  Defendant requests that an Order be entered directing Plaintiff to immediately provide cash counter security to Defendant in the sum of $179,526.83, failing which the attachment of Defendant's funds should be vacated or Plaintiff should be enjoined from prosecuting its London arbitration.  We enclose a draft Order for the Court's consideration and request a conference on November 9, 2007, if convenient.

Respectfully submitted,

NOURSE & BOWLES, LLP

By:

Julia M. Moore

JMM/cp

cc:    VIA FACSIMILE: 1-212-490-6070

        Nancy R. Peterson, Esq. (NP 2871)
        Patrick F. Lennon, Esq. (2162)
        Lennon, Murphy & Lennon, LLC

*Defendant's request for the scheduling of a pre-motion conference is granted. A conference is hereby scheduled for Friday, Nov. 9, 2007, at 4:00 p.m.*

*So ORDERED:*

*Date: Oct. 31, 2007*

*Shira A. Scheindlin*
*USDJ*